IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:06-CR-00022-KDB-DSC

| | |
|---|---|
| USA,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE DONTA O'NEIL,<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court upon Defendant's *pro se* Motion to Reduce Sentence Pursuant to the First Step Act 2018 (Doc. No. 1304) and his Supplemental Motion to Reduce Sentence Pursuant to First Step Act 2018 (Doc. No. 1343) filed by his attorney. Defendant requests this Court to reduce his sentence to 188 months' imprisonment and a reduced supervised release term equal to the eight-year statutory minimum. For the reasons stated briefly below, the Court will grant Defendant's motions.

In October 2006, Defendant pled guilty to one count of violating 21 U.S.C. § 841(b)(1)(A) by conspiring to possess 50 or more grams of cocaine base with the intent to distribute. (Doc. No. 270: Plea Agreement). At the time of his offense, that charge carried a statutory penalty range of 10 years to life. The government filed a Section 851 notice of two prior convictions. (Doc. No. 31: Section 852 Notice). As part of Defendant's plea agreement, the parties stipulated that the amount of cocaine base that was known or reasonably foreseeable by Defendant was in excess of 1.5 kilograms. (Doc. No. 20: Plea Agreement, ¶ 7.a). Before sentencing, the government partially withdrew its Section 851 notice, which resulted in a statutory sentencing range of 20 years to life. (Doc. No. 529: Notice of partial withdrawal); (Doc. No. 655: Statement of Reasons, at 1); (Doc.

1

No. 1350: Supp. PSR Pursuant to the First Step Act, at 1). The Court found that Defendant's total offense level was a 35 and that he had a criminal history category of VI. (Doc. No. 655: Statement of Reasons, at 4). The resulting applicable guideline range at the time of sentencing was 292 to 365 months. *Id.* The district court imposed a sentence of 292 months. *Id.*

In 2012, the Court granted Defendant a sentence reduction based on the Sentencing Commission's retroactive amendment to the crack guidelines. Under Amendment 750, Defendant's statutory minimum sentence of 240 months remained the same, but his guidelines range dropped from 292-365 months to 240-293 months. (Doc. No. 1054: Order Granting Motion to Reduce Sentence). The Court reduced Defendant's sentence to 240 months. *Id.* When the guidelines were further lowered by Amendment 782, Defendant was not eligible for a reduction because of the 240-month statutory minimum. (Doc. Nos. 1168, 1187, 1196).

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "50 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-135. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered

offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

Defendant committed a "covered offense" and is eligible for a reduction under the statute. *See United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (holding that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act—is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act"). The Court notes Defendant's sentence has not been previously reduced by operation of Sections 2 or 3 of the Fair Sentencing Act of 2010.

If Defendant was sentenced as if Section 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed, the resulting statutory penalty would be ten years to life imprisonment. Defendant's total offense level would be 31 and criminal history category would be a VI. Thus, the resulting guideline range would be 188 to 235 months and at least eight years of supervised release. (Doc. No. 1350, at 2). The Court further notes that the Supplemental PSR reported that Defendant has completed numerous educational programs and work assignments while incurring only one minor disciplinary infraction. (Doc. No. 1350, at 3). Additionally, Defendant has submitted two letters from BOP employees in support of his request for a reduced sentence. Both letters provide evidence of post-sentencing rehabilitation that supports a reduced sentence under the First Step Act.

For all these reasons, the Court concludes that Defendant is eligible for relief in the form of a reduced sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B) (allowing the court to modify a sentence "to the extent otherwise expressly permitted by statute").

Based on the entire record of the case, including Defendant's disciplinary record with the BOP, the Court in its discretion reduces Defendant's sentence to a term of one-hundred and eighty-eight (188) months.

**IT IS THEREFORE ORDERED** that Defendant's *pro se* Motion to Reduce Sentence (Doc. No. 1304) and Supplemental Motion (Doc. No. 1343) are **GRANTED.** Defendant's sentence is hereby reduced to a term of **ONE-HUNDRED AND EIGHTY-EIGHT (188) MONTHS** and **EIGHT (8) YEARS** of supervised release for Count 1. All other terms and conditions of Defendant's Judgment (Doc. No. 654) shall remain in full force and effect.

**SO ORDERED.**

Signed: January 21, 2020

Kenneth D. Bell
United States District Judge