# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:06-CR-00022-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **ORDER** |
| WAYNE DONTA O'NEIL, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's Motion to Reduce Sentence Pursuant to Rule 35(b) (Doc. No. 792); Motion for Specific Performance (Doc. No. 795); Motion for Hearing (Doc. No. 842); and Motion to Compel/Motion Pursuant to Writ of Mandamus to Move this Court in Resolving a Factual Matter (Doc. No. 901).

Defendant argues that in exchange for his guilty plea and cooperating with local law enforcement, he was promised that the government would file a Rule 35 motion. In his motions, Defendant asks the Court to compel the government to file a Rule 35(b) motion and/or require a hearing to discuss why the government did not file a Rule 35(b) motion.

Federal Rule of Criminal Procedure Rule 35(b) permits a court, upon the government's motion, to impose a new, reduced sentence that takes into account post-sentencing substantial assistance. It is well-settled that whether to file a Rule 35(b) motion is a matter left to the government's discretion. *United States v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993). In the absence of a motion by the government, a court may grant a downward departure only if (1) the government has obligated itself in a plea agreement to move for such a departure, or (2) unless, in the absence of such an obligation, it is shown that the government's refusal or failure so to move was based on

an unconstitutional motive. *United States v. Davis*, 308 Fed. Appx. 677, 677-78 (4th Cir. 2009) (per curiam) (unpublished); *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994) (citing *Wade v. United States*, 504 U.S. 181 (1992)).

Nothing in Defendant's plea agreement shows that the government obligated itself to move for a downward departure. (Doc. No. 270: Plea Agreement, ¶ 7e, 23). Moreover, there is no evidence that the government's refusal to file a Rule 35(b) motion was based on an unconstitutional motive. Defendant's motions indicate that his assistance to the government occurred before he was sentenced. In a letter to Defendant from the United States Attorney's Office, Defendant was informed that he was not eligible for a Rule 35 Downward Departure. The letter stated:

> This is to inform you that you are not eligible for a Rule 35 Downward Departure. As you know, Rule 35's are available in the discretion of the U.S. Attorney's Office, when a defendant provides substantial assistance to the United States <u>after</u> he has been sentenced. Your cooperation in [Assistant United States Attorney] Jill Rose's case pre-dated your sentencing. Therefore, you are ineligible for a Rule 35 Motion.

(Doc. No. 795, at 9). Accordingly, Defendant's motions are denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to Rule 35(b) (Doc. No. 792), Motion for Specific Performance (Doc. No. 795), Motion for Hearing (Doc. No. 842), and Motion to Compel/Motion Pursuant to Writ of Mandamus to Move this Court in Resolving a Factual Matter (Doc. No. 901) are **DENIED.**

**SO ORDERED.**

Signed: February 4, 2020

Kenneth D. Bell
United States District Judge